In re:                          )      Case No. 04-21670
                                )
MARJORIE J. JUSCZAK,            )      Chapter 13
                                )
        Debtor.                 )      Judge Arthur I. Harris

## MEMORANDUM OF OPINION

This case is currently before the Court on the motions of Charter One Bank, N.A., (Charter One) for relief from stay and in rem relief (Docket #23), for sanctions against debtor and debtor's counsel pursuant to Bankruptcy Rule 9011 (Docket #67), and for sanctions against the debtor and debtor's counsel pursuant to Bankruptcy Rule 7037 (Docket #71), as well as the Court's own order to show cause (Docket #61). On December 14, 2004, and January 20 and 21, 2005, the Court held a hearing on the motions and the order to show cause. A month after completing the hearing, the Court requested a status update, which Charter One filed on April 1, 2005. For the reasons that follow, Charter One's motion for relief from stay and in rem relief (Docket #23) is denied as moot, and Charter One's motions for sanctions (Dockets #67 & #71) are granted in part and denied in part. The Court enters judgment in favor of Charter One and against debtor, Marjorie Jusczak, and debtor's counsel, Alexander Jurczenko, jointly and severally in the amount of $24,000.00 (twenty-four thousand dollars).

## PROCEDURAL BACKGROUND

This Chapter 13 case represents just one battleground in a lengthy legal struggle involving a secured creditor–Charter One, the debtor–Marjorie Jusczak, and her estranged husband–Alexander Jurczenko, who is also debtor's counsel of record in the present case. To provide the necessary context for addressing the matters currently at issue, the Court will recount the procedural history at some length. In doing so, the Court hastens to add that sanctions are being considered solely for conduct arising in the present case, such as allegedly filing the petition in this case in violation of Rule 9011. The actions in related proceedings are relevant simply to help this Court determine whether the actions *in this case* were improper or otherwise deserving of sanctions.

*State Foreclosure Proceedings – Case #CV-99-379904*

On March 15, 1999, Charter One initiated a foreclosure action, *Charter One Bank v. Jurczenko, et al.*, Case #CV-99-379904, in the Court of Common Pleas, Cuyahoga County, involving real property located at 1730 County Line Road, Gates Mills, Ohio. On May 29, 2002, the Court of Common Pleas granted summary judgment to Charter One and scheduled a foreclosure sale for April 21, 2003. On March 17, 2003, an appraisal was conducted, but Jusczak filed a motion objecting to the appraisal because it did not include an inspection of the interior.

2

On April 3, 2003, the Court of Common Pleas cancelled the sale and ordered a new appraisal. Eventually, the Court of Common Pleas reset the sale for August 11, 2003. On August 6, 2003, Jusczak filed a notice of appeal and motion for stay of execution. The stay was denied on August 8, 2003.

*Filing and Voluntary Dismissal of*
*Jusczak's First Chapter 13 Case, Case #03-20584*

On August 9, 2003, Jusczak filed her first Chapter 13 case, halting the foreclosure sale set for August 11, 2003. The procedural history of the debtor's first Chapter 13 case is recounted at length in this Court's February 25, 2004, Memorandum of Opinion and Decision in Case #03-20584. In her first Chapter 13 case, Jusczak proposed essentially a liquidating plan of reorganization. Under the amended proposed plan filed on September 8, 2003, the claims of Charter One and Wells Fargo Financial f/k/a Norwest Financial (Wells Fargo), which were secured by the debtor's residence, would be paid from the proceeds of the sale of Juscak's residence. The amended plan indicated the sale of the home would occur "on or after July 1, 2004, but no later than September 1, 2004."

Charter One vigorously opposed Jusczak's actions before the Bankruptcy Court. On October 23, 2003, just as an evidentiary hearing was scheduled to begin on Charter One's motion for contempt and sanctions, Jusczak moved for

3

voluntary dismissal. The Court granted voluntary dismissal but retained jurisdiction to consider sanctions against Jusczak and her former counsel.

*Order Imposing Sanctions in Jusczak's First Chapter 13 Case;*
*Jusczak's Appeal of that Order; and Order to Show Cause*
*for Nonpayment of Filing Fee for Notice of Appeal*

Following a December 9, 2003, evidentiary hearing at which Jusczak did not appear, the Court issued a Memorandum of Opinion and Decision and Judgment on February 25, 2004, in favor of Charter One and against Jusczak, in the amount of $6,000.00 (six thousand dollars). Jusczak's former counsel was not sanctioned.

On March 8, 2004, attorney Alexander Jurczenko electronically filed a Notice of Appeal of the judgment against Jusczak with the Bankruptcy Court but did not pay the prescribed fee of $255, in contravention of Bankruptcy Rule 8001(a). In an order dated July 20, 2004, the District Court dismissed the appeal based upon the debtor's "negligence" and "extreme indifference" in prosecuting her appeal, including the nonpayment of the filing fee (Docket #12 in District Court Case No. 1:04CV659). In fact, the order indicated that Jurczenko misled the District Court during a telephone conference on July 8, 2004, in which he informed the District Court that the appellate fee had been paid when in fact the fee remained unpaid. *Id.*

4

In a letter dated July 26, 2004, the Bankruptcy Clerk wrote to Jurczenko and specifically requested that the appellate fee balance of $255 be delivered to the Clerk of Court by August 6, 2004. Nevertheless, the filing fee remained unpaid. On August 20, 2004, this Court issued an order on Alexander Jurczenko to appear and show cause why he should not be required to satisfy personally the unpaid fee prescribed for filing the notice of appeal. On August 27, 2004, the filing fee for the March 8, 2004, notice of appeal was finally paid, and the show cause order was concluded.

*Filing and Voluntary Dismissal of*
*Jusczak's Second Chapter 13 Case, Case #04-21670*

After Jusczak's first bankruptcy case was dismissed on October 23, 2003, the Court of Common Pleas rescheduled the foreclosure sale for March 8, 2004. The date of the sale was later changed to September 13, 2004. On the morning of the foreclosure sale, Jusczak filed her second Chapter 13 bankruptcy, Case #04-21670, and the foreclosure sale did not go forward.

In her second Chapter 13 case, Jusczak again proposed essentially a liquidating plan of reorganization. Under the proposed plan (Docket #14), the claims of Charter One and Wells Fargo, which were secured by the debtor's residence, were to be paid from the proceeds of the sale of Jusczak's residence,

5

which was "to be sold forthwith with title to transfer by no later than June 30, 2004 [*sic*]." On September 22, 2004, the United States Trustee filed a motion to dismiss with prejudice and to impose sanctions (Docket #5), and two days later Charter One filed a similar motion (Docket #8). On October 12, 2004, Charter One filed a motion for relief from stay and a request for in rem relief (Docket #23). As in the prior bankruptcy case, Charter One also requested that the debtor make her home available for an interior and exterior inspection (Docket #25). The Court again granted the request for an inspection of the debtor's home (Docket #32). The Court set an evidentiary hearing for December 14, 2004, to address the motions to dismiss filed by the U.S. Trustee and Charter One.

On the morning of November 5, 2004, just hours before she was to appear and submit to examination at her rescheduled meeting of creditors, Jusczak filed a motion for voluntary dismissal of her Chapter 13 case pursuant to 11 U.S.C. § 1307(b) (Docket #44).

*Order of November 9, 2004, Granting Dismissal*
*but Retaining Jurisdiction for Sanctions*

On November 9, 2004, this Court granted Jusczak's motion for voluntary dismissal, which resulted in the imposition of a 180-day filing bar pursuant to 11 U.S.C. § 109(g)(2) (Docket #47). The Court also retained jurisdiction "to

6

consider sanctions that have been or may be requested by a party in interest or that the Court may seek to impose on its own initiative." *Id.* In an order (Docket #48) filed later the same day, the Court clarified that the December 14, 2004, hearing date would go forward and be used to consider the sanctions issues. The order further explained that discovery related to the sanctions motions would continue, including the interior and exterior inspection of the debtor's residence on November 12, 2004, and a deposition of the debtor on November 17, 2004.

*Jusczak's Appeal of Order Retaining Jurisdiction to Consider Sanctions;*
*Motion for Recusal; Motion for Stay Pending Appeal;*
*and Appeal of Order Denying Motion for Recusal*

On November 19, 2004, the debtor filed a notice of appeal (Docket #55) of this Court's order dismissing the Chapter 13 case but retaining jurisdiction to consider sanctions. On November 22, 2004, the debtor filed a motion for disqualification and recusal of the undersigned judge (Docket #57) and a motion for a stay pending appeal under Bankruptcy Rule 8005 (Docket #58). Both motions were denied in separate orders (Dockets #59 & #60) issued November 24, 2004. Jusczak appealed the denial of her motion for disqualification and recusal.

*Court's Show Cause Order*

Also on November 24, 2004, the Court issued its own order to show cause (Docket #61) indicating that it intended to use the December 14, 2004, hearing to

7

consider, in addition to Charter One's motions, its own sanctions against the debtor and debtor's counsel pursuant to 11 U.S.C. § 105, 28 U.S.C. § 1927, Rule 9011, and/or the Court's inherent powers. The show cause order described some of the procedural history of this case and then stated, "[T]he conduct of the debtor and the debtor's current counsel in the two bankruptcy cases appears to be marked by delay, bad faith, and an abuse of the bankruptcy process." The order explained that the Court was considering several sanctions including in rem relief, joint and several liability for monetary sanctions, and the referral of counsel to relevant disciplinary authority.

In addition, on November 24, 2004, the Court issued an order dismissing Charter One's motion for Rule 9011 sanctions but indicating that the dismissal was without prejudice to Charter One filing a stand-alone motion for sanctions as required by Rule 9011 (Docket #62). On November 30, 2004, Charter One brought a stand-alone motion for Rule 9011 sanctions (Docket #67) and scheduled the motion in conjunction with the hearing on December 14, 2004.

On December 1, 2004, Charter One filed a motion (Docket #71) asking for sanctions against debtor and debtor's counsel pursuant to Rule 7037 because the debtor allegedly did not appear at her deposition as had been previously ordered by this Court on November 9, 2004 (Docket #48). On December 2, 2004, the

8

Court issued an order (Docket #75) indicating that all pending sanction motions and the order to show cause would be considered as part of the proceedings on December 14, 2004.

*December 14, 2004, Hearing on Motions for Sanctions and*
*Order To Show Cause; Jusczak's Mandamus Action in District Court*

On December 14, 2004, attorney Jurczenko was approximately fifteen minutes late for the bankruptcy hearing scheduled to begin at 9:00 A.M. When he did appear, he indicated that he had just filed a petition for a writ of prohibition and a notice of removal pursuant to 28 U.S.C. § 1452 in the United States District Court for the Northern District of Ohio, Case No. 1:04CV2452. The petition for a writ of prohibition asked the District Court to prohibit the undersigned judge from proceeding with the sanctions issue due to lack of jurisdiction over a dismissed case. The notice of removal purported to remove the bankruptcy case to the District Court, alleging that the bankruptcy case was a "related case" to the writ of prohibition. Jurczenko asserted that his notice of removal divested this Court of jurisdiction to proceed.

This Court adjourned its sanctions hearing, indicating it would defer to the District Court with respect to whether the bankruptcy case was properly removed to the District Court under 28 U.S.C. § 1452. By 5:00 P.M. that same day, the

9

Honorable Lesley Wells had denied the petition for a writ of prohibition and dismissed the action in the District Court. On December 15, 2004, the Court rescheduled its sanctions hearing for December 22, 2004 (Docket #92). After the parties mutually consented to a continuance, the hearing finally went forward on January 20 and 21, 2005. Jusczak filed an appeal of Judge Wells's order.

*Testimony at the Hearing on January 20 and 21, 2005*

During its case in chief, Charter One offered the testimony of an appraiser–Chris Yaecker, two of Charter One's attorneys–Matthew Matheney and Brian Roof, and, as if upon cross-examination, the debtor–Marjorie Jusczak. During her brief testimony, Jusczak said she was unaware (1) that she had been sanctioned $6,000 by this Court in Case #03-20584, (2) that she had appealed the $6,000 sanction order to the District Court, and (3) that the District Court had dismissed her appeal for lack of prosecution. During their case in chief, neither Jusczak nor Jurczenko offered any testimony.

*Dismissal of Jusczak's Appeals;*
*Nonpayment of Filing Fee for Notice of Appeal Filed in U.S. District Court*

Jusczak's notice of appeal of the order retaining jurisdiction to consider sanctions was docketed with the District Court on December 28, 2004, Case No. 1:04CV2553. Jusczak never filed a brief with the District Court and

10

never filed an opposition to Charter One's motion to dismiss the appeal. On April 26, 2005, the Honorable Solomon Oliver granted Charter One's motion to dismiss for two reasons: (1) the appeal was from a non-final order, and (2) debtor failed to prosecute the case. Charter One's motion for sanctions against Jusczak and Jurczenko remains pending before Judge Oliver.

Jusczak's notice of appeal of the order denying her motion for recusal of the undersigned judge was docketed with the District Court on December 27, 2004, Case No. 1:04CV2537. Jusczak never filed a brief with the District Court and never filed an opposition to Charter One's motion to dismiss the appeal. On May 17, 2005, the Honorable Donald C. Nugent granted Charter One's motion to dismiss the appeal, noting that "Plaintiff has utterly failed to prosecute this appeal." Charter One's motion for sanctions against Jusczak and her counsel remains pending before Judge Nugent.

Jusczak's notice of appeal of Judge Wells's order dismissing Jusczak's petition for a writ of prohibition was docketed with the Sixth Circuit on January 13, 2005, Case No. 05-3100. On March 23, 2005, the Sixth Circuit Court of Appeals dismissed Jusczak's appeal, citing a want of prosecution and a failure to pay the filing fee for the notice of appeal. The $255 filing fee that should have been paid to the District Court with the filing of the notice of appeal on

11

January 13, 2005, remains unpaid.

*Foreclosure and Sale of Real Property Located at 1730 County Line Road;*
*Dismissal of Appeal from State Court Order Confirming Sale of Real Property*

Following dismissal of debtor's second bankruptcy case, the Court of

Common Pleas rescheduled the foreclosure sale for March 7, 2005. On April 13,

2005, the order of sale was docketed indicating the real property was sold to a

third party for $595,000 on March 7, 2005. On April 15, 2005, the order of sale

was appealed, but that appeal was dismissed on June 23, 2005. Charter One has

apparently received approximately $520,000 in proceeds from the sale. According

to the Court of Common Pleas docket entry dated July 28, 2005, the sheriff

continues to hold $58,201.54 in sale proceeds pending further order of the Court

of Common Pleas.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and Local

General Order No. 84, entered on July 16, 1984, by the United States District

Court for the Northern District of Ohio. This is a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(A), (G), and (O). This memorandum constitutes the Court's

findings of fact and conclusions of law as required by Rule 7052 of the Federal

12

Rules of Bankruptcy Procedure.[1]

DISCUSSION

### I. Charter One's Motion for Relief from Stay and In Rem Relief

The Court will first address Charter One's motion for relief from stay and in rem relief (Docket #23). In prior rulings in this case, this Court has suggested in dicta that it might consider modifying the automatic stay beyond the present case pursuant to 11 U.S.C. §§ 105 and 362(d). *See, e.g.*, Docket #59 at 7-9. Although this Court continues to believe that imposition of injunctive relief generally requires an adversary proceeding, *see* Bankruptcy Rule 7001, or a show cause proceeding with analogous due process safeguards, Bankruptcy Rule 4001 expressly contemplates that requests to terminate, annul, modify, or condition the automatic stay under 11 U.S.C. § 362(d) are done by motion. Thus, to the extent that Charter One may seek modification of the automatic stay as to present and future cases *by this debtor*, such action may be accomplished by motion under 11 U.S.C. § 362(d) and Rule 4001.

---

[1] The findings of fact contained in this memorandum reflect the Court's weighing of the evidence and credibility. In so doing, the Court considered the witnesses' demeanor, the substance of their testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language, or nuance of expression. Even if not specifically mentioned in this decision, the Court has considered the testimony of all the witnesses, as well as all exhibits admitted into evidence and all stipulations.

13

Such a modification of the automatic stay as to present and future cases by this debtor may well have been warranted when Charter One filed its motion or even when the matter came before the Court at the adjourned hearing on January 20, 2005. Nevertheless, given (1) the sale of the debtor's residence to a third party on March 7, 2005, (2) payments to Charter One from the proceeds of that sale, and (3) the dismissal on June 23, 2005, of an appeal from the order confirming the sale, this motion now appears to be moot. Accordingly, Charter One's motion for relief from stay and in rem relief (Docket #23) is denied as moot.

## II. *Charter One's Motion for Sanctions Under Rule 9011*

Charter One seeks sanctions against Jusczak and her counsel under Rule 9011 (Docket #67). Specifically, Charter One alleges that Jusczak filed the petition in violation of Rule 9011 and seeks more than $80,000 in attorney fees, plus costs and expenses, incurred in responding to the petition. In opposing Charter One's motion for sanctions, Jusczak and her counsel assert that this Court lacks jurisdiction to consider sanctions, that Charter One's motion for sanctions was filed too late under Rule 9011, that their conduct did not violate Rule 9011, and that the amount of sanctions sought by Charter One is excessive and/or not properly documented. The Court will address these arguments separately below.

14

### A. Voluntary Dismissal Does Not Strip Court of Authority to Consider Imposition of Sanctions Against Debtor and Debtor's Counsel

Jusczak and her counsel maintain that this Court lacks jurisdiction to consider the imposition of any sanctions by virtue of the voluntary dismissal of Jusczak's Chapter 13 case. This argument is without merit. As noted previously, on November 9, 2004, this Court granted Jusczak's motion for voluntary dismissal but retained jurisdiction "to consider sanctions that have been or may be requested by a party in interest or that the Court may seek to impose on its own initiative." Docket #47. While a dismissal order ends the bankruptcy estate and revests property of the estate in the debtor by operation of 11 U.S.C. § 349, the Court can still retain jurisdiction over the debtor and her counsel in order to consider sanctions. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-98 (1990) (finding sanctions under Rule 11 are a collateral issue and "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending"); *In re Javens*, 107 F.3d 359, 364 n.2 (6th Cir. 1997) ("Since dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed, exercise of such jurisdiction is left to the sound discretion of the trial court.") (quoting *In re Lawson*, 156 B.R. 43, 45 (B.A.P. 9th

Cir. 1993)); *In re Skaggs*, 183 B.R. 129, 130-31 (Bankr. E.D. Ky. 1995) ("[I]ntentional wrongful conduct should not be excused merely because the underlying bankruptcy case has been dismissed."). Thus, this Court has ongoing jurisdiction to consider sanctions against Jusczak and her counsel.

B. *Charter One's Motion for Sanctions Under Rule 9011 Is Not Barred Even Though It Was Filed After the Voluntary Dismissal of Jusczak's Chapter 13 Case*

Jusczak and her counsel, citing *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), argue that this Court cannot impose Rule 9011 sanctions because Charter One's Rule 9011 motion was filed after Jusczak had voluntarily dismissed her case. In *Ridder* the Sixth Circuit reversed a finding of sanctions under Rule 11 of the Federal Rules of Civil Procedure when the defendant filed its motion for sanctions after the case had already been decided on summary judgment and without giving notice to the plaintiff, prior to filing the motion, of the possibility of sanctions. The Sixth Circuit explained:

> Pursuant to the "safe harbor" provision of the 1993 amendments to Rule 11, a motion for Rule 11 sanctions must be served on the opposing party at least twenty-one days before it is filed with or presented to the court; this "safe harbor" service and delayed filing must be completed prior to final judgment or judicial rejection of the offending contention. Because Springfield did not comply with the twenty-one day "safe harbor" procedural prerequisite before filing its motion for Rule 11 sanctions, the award of sanctions under Rule 11 was improper.

109 F.3d at 299.

16

The decision in *Ridder* is distinguishable, however, because the potentially sanctionable conduct in *Ridder* was the filing of a motion for summary judgment, not the filing of a bankruptcy petition. This distinction is dispositive because Rule 9011's twenty-one day safe harbor provision expressly does not apply to the filing of a *bankruptcy petition*:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn or appropriately corrected, *except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)*.

Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added). As stated in the Advisory Committee Note to the 1997 Amendment of Rule 9011:

> The "safe harbor" provision contained in *subdivision (c)(1)(A)*, which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition.

*Accord In re Silberkraus*, 336 F.3d 864, 868 (9th Cir. 2003) ("The clear import of the language [in Bankrupty Rule 9011(c)(1)(A)] is that the mandatory 21 day safe harbor rule does not apply to the filing of the initial petition."); *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001):

17

The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences. The invocation of the automatic stay is perhaps one of the most powerful safeguards in all the law. With the filing of a single piece of paper, the law imposes a broad sweeping and powerful injunction which carries with it great implications and provides for sanctions for its violation. The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic.

Additionally, in an unpublished decision, another panel of the Sixth Circuit expressly declined to follow the language in *Ridder* that a Rule 11 motion for sanctions must be filed prior to the adjudication or voluntary dismissal of a case:

> The determination in *Ridder* that the motion was required to be filed with the court prior to adjudication of the case was unnecessary because the defendant failed to comply with Rule 11 when it did not serve the motion on the plaintiff's counsel for the twenty-one day "safe harbor" period. Accordingly, to the extent that *Ridder* stands for such a proposition, it is dicta and not binding on this court.

*Powell v. Squire, Sanders & Dempsey*, 182 F.3d 918 (Table), 1999 WL 519186, *3 (6th Cir. 1999).

Furthermore, other subsections of Rule 9011 and Rule 11 contain specific language requiring that actions be taken prior to voluntary dismissal or settlement of claims in order to impose sanctions, *see* Rule 9011(c)(2)(B) ("Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims . . . ."); Fed. R. Civ. P. 11(c)(2)(B)(same), but similar language is noticeably

18

absent from Rule 9011(c)(1)(A). In short, neither the text of Rule 9011 nor binding precedent prevents this Court from considering the merits of Charter One's motion for sanctions.

*C. The Petition in this Chapter 13 Case*<br>*Was Filed in Violation of Rule 9011(b)(1)*

Rule 9011 was amended in 1997 to conform to the 1993 changes to Rule 11 and provides in pertinent part:

> (b) *Representations to the court.* By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

Rule 9011 does not define "improper purpose" but does include three nonexclusive examples: "to harass," "to cause unnecessary delay," or to cause "needless increase in the cost of litigation." *See In re Silberkraus*, 336 F.3d at 868 (affirming award of sanctions for filing initial Chapter 11 petition in violation of Rule 9011(b)(1)); *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) ("We agree with the district court that documents filed for the central purpose of delaying or avoiding a collateral state foreclosure constitute documents filed for an 'improper purpose' [under Rule 9011]."); *In re Thompson*, 322 B.R. 769, 774-75 (Bankr.

19

N.D. Ohio 2004) (discussing and applying "improper purpose" prong of Rule 9011(b)). *See also In re Alt*, 305 F.3d 413 (6th Cir. 2002) (discussing factors for considering whether a Chapter 13 petition has been brought in bad faith in the context of dismissal "for cause" under 11 U.S.C. § 1307(c)).

Based upon a totality of the circumstances,[2] the Court is convinced that the petition in this Chapter 13 case was filed for an improper purpose and in violation of Rule 9011, specifically, subsection 9011(b)(1). This Court has come to the inescapable conclusion that the debtor and her counsel filed this Chapter 13 petition for an improper purpose–namely, to forestall Charter One's efforts at foreclosure and to delay Charter One's ability to receive payment on the note and mortgage, without any intent to market the property or otherwise prosecute this Chapter 13 case in good faith.

The Court's conclusion is based upon a number of factors, including:

---

[2] During the hearing on January 20, 2005, the Court took under advisement Charter One's oral motion to have admissions, served on the debtor, deemed admitted under Rule 7036. The Court concludes that the requests for admissions should be deemed admitted because (1) it is undisputed that the debtor never responded to them; (2) the Court made it clear that discovery would proceed, notwithstanding dismissal, due to the Court's retention of jurisdiction to consider sanctions; and (3) the debtor never sought an extension of time or leave to file any responses. The Court notes, however, that the evidentiary effect of these admissions under Rule 7036 is inconsequential. Even without these admissions, the factual record is sufficient for the Court to reach its conclusions regarding bad faith and an improper purpose as to the filing of the bankruptcy petition.

- there is no evidence that Jusczak made any real effort to sell her residence in the months leading up to her second bankruptcy case, despite prior representations that she would sell her residence between June and September 2004, *see* Trial Exhibit A-5 (letter from Richard Agopian, counsel for Jusczak, dated June 30, 2003);

- after the second Chapter 13 case was filed, debtor's counsel represented at least several times that the property had been listed for sale, *see, e.g.*, Docket #19 (Oct. 7, 2004) ("[T]he property has been listed by Debtor for sale at $899,000.00."); Docket #22 (Oct. 7, 2004) (same), yet the record indicates that the only contract to market the property during this time frame, which Jusczak purportedly signed on September 11, 2004, *did not even provide for the property to be listed until October 30, 2004*;

- Jusczak and Jurczenko never responded to written discovery and never made Jusczak available for deposition, even when ordered by the Court on November 9, 2004 (Docket #48);

- in an attempt to verify that Jusczak was actually marketing the property, Charter One's counsel requested a copy of the written listing agreement, but Jusczak and Jurczenko failed to respond, causing Charter One to subpoena the realty company;

- Jurczenko refused to confer with counsel for Charter One about possible dates for a court-ordered inspection of Jusczak's residence, and Jurczenko became willing to negotiate a date only after the Court reiterated on November 4, 2004, that it was prepared to pick a date on its own, *see* Docket #32;

- Jusczak voluntarily dismissed both cases on the eve of being required to testify – at an evidentiary hearing on October 23, 2003, in Case #03-20584, and at a rescheduled meeting of creditors on November 5, in Case #04-21670;

21

- neither Jusczak nor Jurczenko offered any testimony during their case in chief in the sanctions hearing on January 21, 2005;

- Jusczak and Jurczenko filed numerous appeals in connection with these two bankruptcy cases, all of which were dismissed for want of prosecution.

The totality of the circumstances shows that the debtor and her counsel filed this Chapter 13 petition intending to delay and harass.

This Court reiterates that it is only imposing sanctions for the filing of the bankruptcy petition for an improper purpose in violation of Rule 9011. The other procedural actions of Jusczak and Jurczenko, recounted above, are relevant simply to help this Court determine whether the actions *in filing the bankruptcy petition in this case* were improper or otherwise worthy of sanctions. *See In re Silberkraus*, 336 F.3d at 868 (finding that bankruptcy court properly considered events after filing of initial petition in determining whether initial filing was for an improper purpose); *In re Start the Engines, Inc.*, 219 B.R. 264, 270 (Bankr. C.D. Cal. 1998) ("[T]he history of litigation between the parties . . . create[s] a strong inference that the petition was filed for an improper purpose.").

The Court also notes that there has been much disagreement over the value of the debtor's residence, but the Court need not resolve that dispute nor decide whether the debtor's subjective belief regarding the value of her house was

22

reasonable. While the feasibility and therefore the good faith of Jusczak's liquidating plan of reorganization might well depend upon the value of the property in relation to the value of the secured claims, *see, e.g.*, *In re Newton*, 161 B.R. 207, 217-18 (Bankr. D. Minn. 1993) (discussing standards for a proposed cure-by-sale Chapter 13 plan to pass muster), without any real intent to sell the property at a private sale, the Court need not address whether Jusczak's liquidating plan is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law under Rule 9011(b)(2).

Jusczak's counsel has characterized Charter One's actions to enforce its rights under the note and mortgage as a "reign of terror," but such displeasure with the actions of Charter One is misplaced. In truth, Charter One has gone many years without receiving more than a handful of payments on the note and mortgage signed by Jusczak and Jurczenko. Such a creditor is well within its rights to pursue its legal remedies, including foreclosure, and to challenge legal obstacles placed before it, such as the filing of a bankruptcy petition for the improper purpose of delaying foreclosure proceedings without any intent of prosecuting a Chapter 13 case in good faith.

## D. Amount of Sanctions

Once a court determines that a violation of Rule 9011 has occurred and that an award of sanctions is warranted, the court must decide what sanctions are appropriate. *See In re Downs*, 103 F.3d at 478 ("When a court metes out a sanction, it must exercise such power with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The sanction levied must thus be commensurate with the egregiousness of the conduct."). In fashioning the award, the court must comply with the limitations set forth in Rule 9011(c)(2):

> *Nature of sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
>
> (A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).
>
> (B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

In the present case, Charter One has filed a motion for sanctions under Rule 9011. Thus, if "warranted for effective deterrence," the Court may issue "an

24

order directing payment to the movant of *some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.*" Fed. R. Bankr. P. 9011(c)(2) (emphasis added).

This case serves as a textbook example of the serious consequences that directly flow from the filing of a petition in violation of Rule 9011. This latest bankruptcy filing delayed the foreclosure sale of the home by approximately seven months, from August 11, 2004, to March 7, 2005. *See* Advisory Committee Note to the 1997 Amendment of Rule 9011 ("The filing of a [bankruptcy] petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition."). Moreover, Charter One has spent considerable time and effort responding to Jusczak's bankruptcy petition, including filing a motion to dismiss, a motion for relief from stay, a motion to make the debtor's residence available for inspection, an objection to confirmation, and motions for sanctions, as well as preparing for and attending various hearings. In short, *all* of the proceedings in this Chapter 13 case are a consequence of the filing of a bankruptcy petition in violation of Rule 9011. Therefore, all of Charter One's reasonable costs incurred in litigating this case are potentially recoverable as sanctions resulting from the Rule 9011 violation.

### 1. Sanctions Limited to Reasonable Attorney Fees, Not Expenses, for Work in Connection with this Case Only

In determining an appropriate sanction, the Court declines to award any expenses to Charter One, in part because Charter One's expenses are presumably already recoverable in the state foreclosure proceedings under Charter One's note and mortgage with Jusczak and Jurczenko. Attorney fees, however, are not generally recoverable under Ohio law, even if the language of the note and mortgage seems to provide for attorney fees in the event of a default. *See Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 791 (6th Cir. 2005) (Except where the provision is specifically negotiated for, "Ohio has followed the traditional rule that a stipulation by parties to a contract which permits attorney fees to be awarded as costs of collection upon default is void and against public policy."). Attorney fees can, however, be awarded as sanctions under provisions such as Rule 9011.

### 2. Mitigating and Other Factors

Charter One seeks an award of attorney fees in excess of $80,000. Jusczak and her counsel contend that some of the work was unnecessary or was not properly documented in accordance with General Order 93-1 "Guidelines for Compensation and Expense Reimbursement of Professionals." The Court agrees

26

that some of the work performed by Charter One's attorneys was unnecessary and/or not properly documented in accordance with General Order 93-1. For example, Charter One did not file its initial motion for sanctions under Rule 9011 as a stand-alone motion as required by Rule 9011. Nor did Charter One seek in rem relief by initiating an adversary proceeding as suggested by this Court during Jusczak's first Chapter 13 case in 2003. On the other hand, even if Charter One had initiated an adversary proceeding seeking in rem relief in the present case, such an action still would have taken considerable time and expense given the many delaying tactics employed by Jusczak and her counsel.

The Court believes that even after deducting for work that was unnecessary and/or not properly documented in accordance with General Order 93-1, Charter One has incurred reasonable attorney fees in excess of $50,000 as a direct result of the Rule 9011 violation. For various reasons, however, the Court believes it is appropriate to temper its sanction and award only "some . . . of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation," pursuant to Rule 9011(c)(2). These reasons include,

- Charter One has apparently recovered of all principal and interest from the sale of Jusczak's real property;

- Jusczak's real property actually sold for significantly more than Charter One's appraisal ($595,000 versus $380,000), albeit for significantly less

27

than Jusczak proposed listing price of $899,000;

- while Jusczak has gone many years without making more than nominal mortgage payments to Charter One, such conduct has resulted in her losing what might well have been substantial equity in the property.

Accordingly, the Court will impose against Jusczak and her counsel and in favor of Charter One a monetary sanction under Rule 9011 in the amount of $24,000.00 (twenty-four thousand dollars).

The Court acknowledges that a sanction of $24,000.00 does not fully compensate Charter One for all the attorney fees reasonably incurred as a direct result of the sanctionable conduct. While this may seem inequitable, the Court is focused upon addressing the purpose of Rule 9011 sanctions:

> A sanction imposed for violation of this rule shall be *limited to what is sufficient to deter repetition* of such conduct or comparable conduct by others similarly situated. . . . [T]he sanction may consist of . . . payment . . . of *some or all* of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed. R. Bankr. P. 9011(c)(2) (emphasis added). Moreover, even much larger monetary sanctions may do little to deter some parties or attorneys intent on abusing the bankruptcy process. In such circumstances, a more effective deterrent may come from nonmonetary sanctions such as an injunction modifying the automatic stay as to any future cases filed by the individual party, or disciplinary measures, including suspension or disbarment, regarding the attorney. The Court

28

has therefore limited the monetary sanction to an amount "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

### 3.  Only Fees for Actions in this Court

The Court's award of attorney fees in this case excludes any consideration of fees for work in other related matters, including Jusczak's appeals to the District Court and the Sixth Circuit Court of Appeals, the mandamus action before the District Court, and litigation in state court.  The award of attorney fees is solely for work in connection with Case #04-21670 pending before this Court. Whether sanctions are appropriate in other proceedings is not for this Court to determine.

### 4.  Joint and Several Liability

"The sanctioning of a party requires specific findings that the party being sanctioned was aware of the wrongdoing." *In re Big Rapids Mall Assocs.*, 98 F.3d 926, 932 (6th Cir. 1996) (citing *White v. General Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990)).  In *Big Rapids Mall*, the Sixth Circuit reversed the imposition of sanctions against the debtor's attorneys under Rule 9011 because, unlike the debtor's principals who were also sanctioned but did not appeal, "there are no facts to support a conclusion of 'shared responsibility' " regarding the debtor's attorneys.  *Id.*

29

In contrast to *Big Rapids Mall*, this case presents ample evidence of shared responsibility between Jusczak and her counsel for the sanctionable conduct. For example, both Jusczak and Jurczenko were co-debtors on the note and mortgage with a pecuniary interest in delaying foreclosure. Plus, both Jusczak and Jurczenko knew or should have known the legal history that preceded the filing of the present case. Nor did Jusczak ever assert that she failed to receive copies of the many orders and other court filings that were mailed to her residence. Jurczenko filed the petition, and Jusczak testified that she approved the filing of the petition, which was signed and verified by her as required by Bankruptcy Rule 1008. Both knew or should have known that the filing of the petition was for the improper purpose of delay and harassment in violation of Rule 9011(b)(1).

Moreover, the debtor cannot successfully distance herself from the sanctionable conduct by pleading ignorance. The Court found astonishing the debtor's testimony that she was unaware of several significant proceedings in her legal battle with Charter One, such as the order in her first bankruptcy case imposing $6,000 in sanctions against her and her appeal of that order to the District Court. The debtor, however, cannot simply choose to ignore important legal proceedings and expect to remain free of personal liability for sanctionable filings made on her behalf. *See In re Collins*, 250 B.R. 645, 660-61 (Bankr. N.D.

30

Ill. 2000). After noting that the 1993 revision to Rule 11 permits the court to consider whether the party itself should be held accountable for its part in causing a violation, the court in *Collins* concluded that it was appropriate to hold the debtor accountable for his part in causing the violation. The court reasoned:

> [T]he petition was filed on [the debtor's] behalf and under his direction for the sole purpose of using the bankruptcy system to remain a wealthy man while frustrating [the creditor]. Rule 9011, unlike Rule 11, accords special treatment to a bankruptcy petition because of the instant and substantial advantage the filer gains and the instant and substantial disadvantage his creditors suffer. Furthermore, "experience has shown that bankruptcy proceedings are subject to a degree of manipulation and abuse not typical of civil litigation." *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 830 (9th Cir. 1994).

250 B.R. at 660.

Although Juczsak and Jurczenko share the blame for filing the petition with an improper purpose, the Court is unable, based upon the very limited testimony from the debtor, to determine the relative fault of the debtor and her counsel. Thus, while Jusczak and Jurczenko are free to seek indemnification from each other in another forum, the Court concludes that liability for the $24,000.00 judgment should be joint and several.

### III. Charter One's Motion for Sanctions Under Rule 7037

Charter One also seeks sanctions under Bankruptcy Rule 7037 (Docket #71) for the debtor's failure to appear at her deposition, which was scheduled to begin

at 9:00 A.M. on November 22, 2004.  Rule 7037 applies to contested matters

pursuant to Rule 9014 and provides that "Rule 37 F.R.Civ.P. applies in adversary

proceedings."  Rule 37(b) provides in pertinent part,

> (1) *Sanctions by Court in District Where Deposition is Taken.*  If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.
>
> (2) *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . .
>
> . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In order for a court to consider imposing sanctions under Rule 7037(b), a court

must find that a party or its counsel violated an order compelling discovery.

The facts relevant to this motion are undisputed.  In an order (Docket #48)

dated November 9, 2004, the Court indicated that the deposition of the debtor

would proceed "notwithstanding the Order granting voluntary dismissal under

11 U.S.C. § 1307(b)."  The deposition was scheduled for 9:00 A.M. on

November 22, 2004, but at 8:35 A.M. that morning, debtor's counsel sent a fax to

counsel for Charter One indicating that Jusczak would not be appearing for her

32

deposition and that Jusczak would be seeking a stay of proceedings pending

appeal and disqualification of the undersigned judge (Docket #71 at Exhibit D).

Jusczak's motion for a stay pending appeal (Docket #58) was not filed until

6:07 P.M. on November 22, 2004. The debtor does not dispute that she failed to

appear for her deposition at 9:00 A.M. on November 22, 2004.

Under these circumstances, in which (1) the Court has specifically ordered a

deposition to proceed, and (2) the party being deposed has failed even to move for

a stay of proceedings before the scheduled deposition, sanctions are appropriate.

In the present case, however, the sanctions for filing the petition incorporate all

the actions of Charter One's counsel reasonably spent addressing the bad faith

filing of Jusczak's petition under Chapter 13, including Jusczak's failure to appear

at her court-ordered deposition. Therefore, any damages for violation of

Rule 7037 are subsumed by the Court's previous treatment of damages flowing

from the filing of the petition in bad faith.

### IV. Alternative Grounds for Sanctions Under the Court's Order to Show Cause

The Court believes that the sanctions imposed pursuant to Charter One's

motion for sanctions under Rule 9011 (Docket #67) provide a sufficient deterrent

and that it is unnecessary to consider additional sanctions under the Court's

33

separate order to show cause (Docket #61). Nevertheless, with an eye to the possibility that a reviewing court could determine that some or all of the Rule 9011 sanctions awarded pursuant to Charter One's motion cannot be supported, the Court will briefly address whether similar relief can and should be awarded on alternative grounds pursuant to the Court's order to show cause and 28 U.S.C. § 1927, 11 U.S.C. § 105, and the Court's inherent powers.

The Court acknowledges that it cannot, on its own initiative, *i.e.*, through its own order to show cause, order Jusczak or her counsel to pay a creditor's reasonable attorneys' fees or other expenses as a monetary sanction under Rule 9011. *See* Fed. R. Bank. P. 9011(c)(2). There is nothing in Rule 9011, however, that prevents the Court from imposing monetary sanctions to be paid to Charter One under separate authority, such as 28 U.S.C. § 1927, this Court's inherent authority and/or Section 105 authority. *See, e.g.*, *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) ("The fact that rules such as Rule 11 and Rule 9011 have been promulgated by Congress does not displace a court's inherent power to impose sanctions for parties' bad faith conduct.").

34

## A. 28 U.S.C. § 1927

Section 1927 of Title 28, United States Code, provides:

> **Counsel's liability for excessive costs**
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court is aware of a split among the circuit courts as to whether bankruptcy courts may impose sanctions pursuant to 28 U.S.C. § 1927. *Compare In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927."), *with In re Courtesy Inns, Ltd.*, 40 F.3d 1084, 1086 (10th Cir. 1994) ("[T]he bankruptcy court may not impose sanctions under § 1927."). In the absence of controlling precedent in the Sixth Circuit, this Court agrees with those courts holding that a bankruptcy court may indeed impose sanctions pursuant to 28 U.S.C. § 1927. *See, e.g., In re Volpert*, 186 B.R. 240, 242-45 (N.D. Ill. 1995) (explaining that bankruptcy courts are not a separate court from the district court and "still fall within the ambit of [28 U.S.C. §§ 451 and 1927] by virtue of their status as units of the district courts, which clearly are 'courts of the United States.' "), *aff'd*, 110 F.3d 494 (7th Cir. 1997). *See also* 28 U.S.C. § 151 ("[T]he bankruptcy judges in regular active

35

service shall constitute a unit of the district court."); 28 U.S.C. § 152(a)(1)

("Bankruptcy judges shall serve as judicial officers of the United States district

court established under Article III of the Constitution."); *Novelty Textile Mills,*

*Inc. v. Stern*, 136 F.R.D. 63, 72-76 (S.D.N.Y. 1991) (holding that United States

Magistrate Judge has power to impose sanctions under 28 U.S.C. § 1927); *In re*

*Eatman*, 182 B.R. 386, 396 (Bankr. S.D.N.Y. 1995) (imposing sanctions against

debtor's attorney under 28 U.S.C. § 1927 and 11 U.S.C. § 105); *In re French*

*Bourekas, Inc.*, 175 B.R. 517 (Bankr. S.D.N.Y. 1994) (same); David S. Kennedy

& Tisha L. Federico, *If the United States Bankruptcy Court Is Not a "Court of the*

*United States," Then What Is It?*, 28 U. MEM. L. REV. 859 (1998).

The Sixth Circuit defined the "unreasonable and vexatious" language of

28 U.S.C. § 1927 in *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir.

1986):

> [W]e hold that 28 U.S.C. § 1927 authorizes a court to assess fees against an
> attorney for "unreasonable and vexatious" multiplication of litigation
> despite the absence of any conscious impropriety. An attorney's ethical
> obligation of zealous advocacy on behalf of his or her client does not
> amount to *carte blanche* to burden the federal courts by pursuing claims that
> are frivolous on the merits, or by pursuing nonfrivolous claims through the
> use of multiplicative litigation tactics that are harassing, dilatory, or
> otherwise "unreasonable and vexatious." Accordingly, at least when an
> attorney knows or reasonably should know that a claim pursued is frivolous,
> or that his or her litigation tactics will needlessly obstruct the litigation of
> nonfrivolous claims, a trial court does not err by assessing fees attributable

36

to such actions against the attorney.

For the reasons previously discussed, this Court finds that debtor's counsel unreasonably and vexatiously multiplied proceedings in this case by filing this Chapter 13 petition for an improper purpose. Thus, as an alternative to sanctions under Rule 9011, debtor's counsel, Alexander Jurczenko, is ordered to pay the same $24,000 sanction pursuant to 28 U.S.C. § 1927. The Court acknowledges that an award under 28 U.S.C. § 1927 may only be imposed against debtor's counsel and not Jusczak herself.

### B. Sanctions Pursuant to Inherent Power and/or 11 U.S.C. § 105

In addition to this Court's statutory sanctioning power discussed above, this Court has inherent authority to impose sanctions against Jusczak and her counsel. *See, e.g.*, *In re Downs*, 103 F.3d at 477 ("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct."); *In re French Bourekas, Inc.*, 175 B.R. at 525 (noting that bankruptcy court possesses power to impose sanctions as inherent authority and by virtue of 11 U.S.C. § 105(a)). The Supreme Court has made clear that the inherent power to sanction can be relied upon either where other statutory authority is not applicable or even, in special circumstances, where other sanctioning mechanisms could provide adequate sanctions:

37

There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules. A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Chambers*, 501 U.S. at 50 (citation omitted). *Accord Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (indicating that district court has "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' ") (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)).

Similar to the inherent power, Section 105 of the Bankruptcy Code also grants broad sanctioning powers to bankruptcy courts:

### § 105. Power of court
(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

38

In fact, some courts have found that Section 105 is merely the codification of the Court's inherent authority. *See In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th. Cir. 1996) ("By providing that bankruptcy courts could issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that bankruptcy courts have the inherent power to sanction that *Chambers* recognized exists within Article III courts."); *In re Courtesy Inns, Ltd.*, 40 F.3d at 1089 ("We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers*."); *In re VIII South Michigan Associates*, 175 B.R. 976, 983 n.5 (Bankr. N.D. Ill. 1994):

> Whether a bankruptcy court need rely on § 105 or not for its inherent authority to impose sanctions is not the real issue. It matters not so much where the authority comes from, but, rather, that it exists in the first place. The Supreme Court indicated that the authority is inherent in the formation and existence of the federal courts. *Chambers,* 501 U.S. at 43. It would therefore seem that resort to statutory sources would appear unnecessary.

Again, for the reasons previously discussed, the Court finds that the filing of this Chapter 13 petition in bad faith and for an improper purpose is an action meriting sanctions. Thus, as an alternative to sanctions under Rule 9011, Jusczak and her counsel are ordered to pay the same $24,000 sanction pursuant to this Court's inherit sanctioning power and/or Section 105 power.

39

## CONCLUSION

For the foregoing reasons, Charter One's motion for relief from stay and in rem relief (Docket #23) is denied as moot, and Charter One's motions for sanctions (Dockets #67 & #71) are granted in part and denied in part. The Court enters judgment in favor of Charter One and against debtor, Marjorie Jusczak, and debtor's counsel, Alexander Jurczenko, jointly and severally in the amount of $24,000.00 (twenty-four thousand dollars).

A separate judgment shall be entered in accordance with this memorandum of opinion.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

40